**UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **VINCENT MARK CASTILLO** | **CIVIL ACTION** |
| **VERSUS** | **NO.  14-2916** |
| **ROBERT C. TANNER, STATE OF LOUISIANA** | **SECTION "A" (5)** |

## <u>O R D E R</u>

The undersigned has conducted an initial review of the pleadings filed by *pro se* petitioner, Vincent Mark Castillo, in conjunction with the above-captioned proceeding for *habeas corpus* relief pursuant to 28 U.S.C. § 2254.  At the same time he submitted the instant pleadings, Castillo also submitted for consideration a separate complaint under 42 U.S.C. §1983.  A motion for a temporary restraining order and/or a preliminary injunction was included with these documents and docketed for consideration in the instant *habeas* proceedings.

Castillo's pleadings in the instant *habeas* case not only improperly reference 28 U.S.C. § 2241, but also assert claims relating to his treatment and conditions in Rayburn Correctional Center, which are properly addressed only through a civil rights suit filed pursuant to 42 U.S.C. § 1983, and not via *habeas* proceedings.  It does appear from these pleadings, however, that Castillo is attempting to challenge his 2013 state-court conviction and sentence, for which he has not previously sought a writ of *habeas corpus* pursuant to § 2254.

Castillo's initial petition does not conform to the rules governing the filing of Section 2254 *habeas* cases in the district courts.  *See* Rules Governing Section 2254 Cases in the United States District Courts.  Pursuant to Rule 2(c), the petition must:  (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief

requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner.  Pursuant to Rule 2(d), the petition must substantially follow either the form appended to the rules or a form prescribed by a local district-court rule. Therefore, Petitioner is directed to complete and return the enclosed form petition for relief under 28 U.S.C. §2254 for writ of *habeas corpus* by a person in state custody.  Petitioner is also cautioned that any subsequent § 2254 action may be subjected to the restrictive conditions imposed by federal law on "second or successive" § 2254 petitions, 28 U.S.C. § 2244(3)(a).

To the extent Petitioner seeks relief in the form of a temporary restraining order/preliminary injunction based on alleged prison conditions entirely unrelated to this pending *habeas* proceeding challenging his state-court criminal conviction and sentence, the undersigned believes that such request was intended to be made in the context of his §1983 complaint, rather than in the instant *habeas* case, and will instruct the clerk of court to file a copy of the motion into Castillo's civil rights case bearing Civil Action No. 14-2917 "E"(5), for possible consideration therein if he is ultimately allowed to proceed with that civil complaint.

Accordingly,

**IT IS ORDERED** that the **CLERK** is instructed to terminate the pending motion for a temporary restraining order and/or a preliminary injunction (Rec. Doc. 4) in the above-captioned case, and to refile the motion into the pending civil case, *Vincent Mark Castillo v. Keith Bickham, et al.*, Civil Action No. 14-2917 "E"(5).

**IT IS FURTHER ORDERED that Petitioner complete in full and submit the enclosed form petition for relief under 28 U.S.C. § 2254 to the Court on or before February 2, 2015.  Upon receipt, it will be considered as an Amended and Superceding petition for**

*habeas* **relief under 28 U.S.C. § 2254. Failure to comply with this Order may result in**

**dismissal of the instant petition.**

New Orleans, Louisiana, this <u>12th</u> day of January, 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

3